IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ROGELIO REGALADO, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. 4:21-cv-185-O |
| | § | |
| MANAGEMENT and TRAINING CORPORATION, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER GRANTING
MOTION TO DISMISS and DENYING MOTION TO SUPPLEMENT**

Before the Court are Defendant Management and Training Corporation's ("MTC") motion to dismiss Plaintiff Rogelio Regalado's amended complaint under Federal Rule of Civil Procedure 12(b)(6) (ECF No. 20), Regalado's response and incorporated proposed supplement to his amended complaint (ECF No. 24), MTC's reply and objection to the supplement (ECF No. 25), and Regalado's subsequent motion for leave to supplement (ECF No. 26). After review and consideration, the Court finds that Regalado will not be permitted to further supplement his pleading, and that MTC's motion to dismiss under Rule 12(b)(6) will be granted.

**I.      BACKGROUND/PROCEDURAL HISTORY**

This action was originally brought by Regalado in the 271st District Court, Jack County, Texas, as case number 21-10-010, by filing an Original Petition on January 25, 2021. At that time, Regalado was an inmate at the John R. Lindsey State Jail facility in Jacksboro, Texas. Pet. 1, ECF 1-1. He named MTC, the entity that operates the Lindsey State Jail under contract with the Texas Department of Criminal Justice. *Id*. at 4-7. Although MTC filed an original answer, it then filed a Notice of Removal in this Court on February 24, 2021. Notice of Removal 1, ECF No. 1. MTC also previously challenged Regalado's original petition filed in state court through a

1

motion to dismiss under Rule 12(b)(6). ECF No. 2. In response, Regalado moved for leave to amend/supplement his pleading under Federal Rules of Civil Procedure 15(a)(2) and 15(d). Mot. Amend 1-2, ECF No. 8. The Court, then noting that leave to amend should be provided "when justice so requires," allowed Regalado to file an amended complaint, and dismissed MTC's original Rule 12(b)(6) motion without prejudice to refiling for such relief after Regalado submitted his amended complaint. ECF No. 16. Following the Court's order, Regalado filed an amended complaint with numerous exhibits (ECF No. 17), and MTC re-filed the pending motion to dismiss Regalado's amended complaint under Rule 12(b)(6) (ECF No. 20). MTC also, alternatively, moved to dismiss under the Texas Pandemic Liability Protection Act, Tex. Civ. Prac. & Rem. Code § 148.003(b). *Id*. at 6-7.

## II.     MOTION TO FURTHER SUPPLEMENT/AMEND

In response to MTC's motion to dismiss, Regalado once again attempts to supplement his pleading. Regalado Resp. and Suppl., ECF No. 24. As noted in the background section, this Court already dismissed an earlier Rule 12(b)(6) motion filed by MTC so that Regalado would have the opportunity to file an amended complaint as he requested. Order, ECF No. 16. At that time, the Court expressly directed Regalado to file "an amended complaint (incorporating all of his facts, allegations, and grounds for relief he seeks to assert) on a civil-rights complaint form with any attachment pages." *Id.* at 6-7. The Court thus previously afforded Regalado an opportunity to amend his complaint, even though he was aware of MTC's grounds to seek dismissal.

In spite of this history, Regalado has attempted to incorporate "supplemental facts, arguments, and authorities" into his response to MTCs 12(b)(6) motion, listing nine handwritten pages of allegations, claims and legal arguments. Regalado Resp. and Suppl. 6-15, ECF No. 24.

Federal Rule of Civil Procedure 15(d) governs supplemental pleadings and provides as follows:

> SUPPLEMENTAL PLEADINGS. On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

Plaintiff failed to separately seek leave to file his First Supplement to his Amended Complaint; therefore, his proposed supplemental arguments included within a response are of no legal effect. *See United States ex rel. Mathews v. HealthSouch Corp.*, 332 F.3d 293, 296 (5th Cir. 2003) ("[F]ailing to request leave . . . when leave is required makes a pleading more than technically deficient. The failure to obtain leave results in an amended complaint having no legal effect.").

Furthermore, after receiving MTC's challenge to his failure to properly seek leave to supplement, Regalado then filed another one-paragraph Motion/Request for Leave to Supplement. ECF No. 26. But other than including proposed exhibits, that document also includes no actual proposed supplemental pleading. *Id*. at 1-6. Thus, it appears this belated motion was another attempt to delay and avoid the Court's consideration of MTC's motion to dismiss.

Therefore, the Court finds that Regalado's efforts to supplement his amended complaint by including supplemental arguments in his response to MTC's Rule 12(b)(6) motion and through his subsequent filing of a one-paragraph Motion/Request for Leave to Supplement, must be denied.

**III.   ANALYSIS**

    **A.**   **Applicable Law - - Rule 12(b)(6) Standard**

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is generally viewed with disfavor. *Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir.1997). The court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010) (citing *True v. Robles,* 571 F.3d 412, 417 (5th Cir. 2009)). Rule 12 must be interpreted in conjunction with Rule 8(a), which sets forth the requirements for pleading a claim for relief in federal court and calls for "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A plaintiff must plead specific facts, not mere conclusory allegations, to avoid dismissal. *See Schultea v. Wood*, 47 F.3d 1427, 1431 (5th Cir. 1995) (en banc); *see also Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss") (citation omitted). Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

As the Supreme Court explained in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face" and his "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (abrogating *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), to the extent the Court concluded therein that a plaintiff can survive a motion to dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief"). Then, in *Ashcroft v. Iqbal,* the Supreme Court clarified that review of a 12(b)(6) motion is guided by two principles: one, a court must apply the presumption of

truthfulness only to factual matters, and not to legal conclusions; and two, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678-79. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.,* at 679. The Supreme Court noted that courts should not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). If the pleadings fail to meet the requirements of *Iqbal* and *Twombly,* no viable claim is stated and the pleadings are subject to dismissal.

      **B.**      **Application of 12(b)(6) Standard to Regalado's amended complaint**

Regalado asserts that his Eighth Amendment rights under the Constitution have been violated and alleges defendant MTC: (1) negligently placed a COVID-19 positive inmate in the general population; (2) failed to properly provide sufficient staff; (3) conspired with two individually named defendants[1] to violate Regalado's constitutional rights; and (4) failed to properly enforce a policy to wear masks. Am. Compl. 3-6, ECF No. 17. Regalado seeks recovery for these alleged violations under 42 U.S.C. § 1983. The only relief sought against defendant MTC, however, is "damages in the amount of $5,000,000.00." *Id.* at 6.

      1.      <u>42 U.S.C. § 1997e(e) Limitation on Monetary Damages if no Physical Injury</u>

As noted above, Regalado seeks only compensatory monetary damages for violations of constitutional rights. As a part of the PLRA, Congress placed a restriction on a prisoner's ability to recover compensatory damages without a showing of physical injury: "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for

---

[1] Regalado has added two individually named defendants in his amended complaint. Am. Compl.1, 3-5, ECF No. 17. As noted in the motion to dismiss, these parties have not yet been served. The Court will direct Regalado to effect service upon these defendants by separate order.

mental or emotional injury suffered while in custody without a prior showing of physical injury . . . ." 42 U.S.C. § 1997e(e). As noted, Regalado alleges violations of his rights under the Eighth Amendment.

This physical injury requirement has long been recognized as applying to claims under the Eighth Amendment. *See Herman v. Holiday*, 238 F.3d 660, 665-66 (5th Cir. 2001); *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999); *Siglar v. Hightower*, 112 F. 3d 191, 193-94 (5th Cir. 1997). The United States Court of Appeals for the Fifth Circuit subsequently held that § 1997e(e) applied to claims under the First Amendment as well, noting "it is the nature of the relief sought, and not the underlying substantive violation, that controls: Section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury." *Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005). More recently, the Fifth Circuit rejected an inmate's claim that § 1997e(e) does not apply to a Fourth Amendment claim arising from a strip search, emphasizing that in *Geiger* the court noted that "1997e(e) applies to *all federal civil actions*," and noting that "[r]egardless of [Plaintiff's] invocation of the Fourth Amendment, his failure to allege any physical injury precludes his recovery of any compensatory damages for emotional or mental injuries suffered." *Hutchins v. McDaniels,* 512 F.3d 193, 196 (5th Cir. 2007) (emphasis in original). In sum, an inmate may not seek compensatory damages "for violations of federal law where no physical injury is alleged." *Mayfield v. Texas Dep't of Criminal Justice*, 529 F.3d 599, 605 (5th Cir. 2008).

In another case in this District where the Court confronted an inmate's claim based upon exposure to COVID-19, the Court explained that he had not alleged sufficient physical injury:

> Blake makes clear that he fears "catching COVID-19." Dkt. No. 1 at 6. So, to the extent that he seeks monetary damages but lacks physical injuries, see *id*. at 4,

> that claim does not survive screening, *see, e.g., Bernard v. Tong*, 192 F.3d 126, 1999 WL 683864, at *1 (5th Cir. Aug. 9, 1999) (per curiam) ("The Prison Litigation Reform Act ('PLRA') provides: 'No Federal civil action may be brought by a prisoner ... for mental or emotional injury suffered while in custody without a prior showing of physical injury.' 42 U.S.C. § 1997e(e). Bernard's complaint alleges mental injuries, but fails to allege any physical injuries. Thus his action is barred under the PLRA." (citations omitted)).

*Blake v. Tanner*, No. 3:20-cv-1250-G (BN), 2020 WL 3260091, at *4 (N.D. Tex. May 20, 2020), *rep. and rec. adopted*, 2020 WL 3259369 (N.D. Tex. Jun. 16, 2020).

Nowhere in his amended complaint does Regalado write of sustaining any "physical injury," but yet he seeks monetary damages from MTC in the amount of $5,000,000.00. Am. Compl. 6, ECF No. 17. Additionally, Plaintiff is no longer confined at the Lindsey State Jail and he cannot sustain an injury at said jail if he is no longer confined there. Applying the above-referenced holdings to the instant case, no matter the substantive constitutional violations asserted by Regalado, the failure to allege physical injury bars his claims for recovery of compensatory monetary damages, and Regalado's claims for compensatory monetary damages are, therefore, barred under 42 U.S.C. § 1997e(e). Because Regalado seeks only compensatory monetary damages and he is not entitled recovery of monetary damages, the Court finds that MTC is entitled to dismissal of Regalado's claims under Rule 12(b)(6) on that basis alone.

Further, although defendant MTC has also moved to dismiss this case on the basis of the Texas Pandemic Liability Protection Act, Tex. Civ. Prac. & Rem. Code § 148.003(b), because the Court has determined that Regalado's claim against MTC in his amended complaint are subject to dismissal under Rule 12(b)(6), the Court does not reach the alternative motion.

## IV. ORDER

It is therefore **ORDERED** that Regalado's November 1, 2021 Request for Leave to Supplement (ECF No. 26) is **DENIED** such that Regalado's proposed supplement, incorporated in his response to MTC's motion to dismiss, will not be reviewed or considered by the Court.

It is further **ORDERED** that MTC's motion to dismiss under Rule 12(b)(6) (ECF No. 20) is **GRANTED** such that all Regalado's claims against Management and Training Corporation are **DISMISSED with prejudice.**

**SO ORDERED** this **8th day of December, 2021.**

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE